**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| ISMAEL HINOJOSA, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL ACTION NO: _____ |
| § | |
| THE UNITED STATES OF § | |
| AMERICA, AND U.S. DEPARTMENT § | |
| OF JUSTICE DEPARTMENT OF § | |
| HOMELAND SECURITY – BUREAU § | |
| OF CITIZENSHIP AND § | |
| IMMIGRATION SERVICES, AND § | |
| UNITED STATES CUSTOMS AND § | |
| BORDER PROTECTION § | |
| DEFENDANT. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ISMAEL HINOJOSA hereinafter called Plaintiff, and files this his Original Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure complaining of and about The United States Of America, And Us Department Of Justice; Department Of Homeland Security – Bureau Of Citizenship And Immigration Services, And United States Customs And Border Protection (hereinafter sometimes referred to as "USA"), Defendant, and for cause of action would show unto the Court the following:

**I.    PARTIES AND SERVICE**

1.    Plaintiff, ISMAEL HINOJOSA, is a resident of the State of Texas. Plaintiff resides at 1008 Paloma St., Mission, Hidalgo County, Texas.

2.    Defendant, The United States Of America, US Department of Justice; Department of Homeland Security – Bureau of Citizenship and Immigration Services, and United States Customs and Border Protection, a copy of this Original Complaint is being

served herein by serving the U.S. Department of Justice, Department of Homeland Security – Bureau of Citizenship and Immigration Services, and United States Border Patrol, an agency of the United States of America, which may be served by serving and delivering a copy of the summons and of the original complaint to the Office of the Chief Counsel for U.S. Customs and Border Protection located at 4400 South Expressway 281, Edinburg, TX 78542; United States Attorney for the Southern District of Texas McAllen Division to the following address Civil Division, U.S. Attorney's Office, Southern District of Texas, P.O. Box 61129, Houston, TX 77208; U.S. Attorney General to the following address Department of Justice 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530

## II.  JURISDICTION & VENUE

3. The incident giving rise to this lawsuit occurred in Mission, Hidalgo County, Texas, which is within the geographical confines of the Southern District of Texas. Accordingly, venue is proper in the Southern District of Texas, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Jurisdiction and venue are proper in this Court under 28 U.S.C. § 1391 (e) (2) and (3) because a substantial part of the events and omissions giving rise to the claim occurred in and the Plaintiff resides within the Judicial District of this Court.

5. Additionally, this action is based upon the Federal Tort Claims Act of August 2, 1946. 60 Stat 843; *USCA, Title 28 §§134(b), 2671,et.seq.*

## III.  CONDITIONS PRECEDENT

6. A claim has been presented by Plaintiff pursuant to the Federal Tort Claims Act to The U.S. Department of Justice, Department of Homeland Security – Bureau of

Citizenship and Immigration Services, Border Patrol claiming liability for personal injuries sustained by the Plaintiff for which this action is commenced and the claim was denied.

7.     All conditions precedent to the filing of this complaint have been performed and occurred.

## IV.     FACTS

8.     Ismael Hinojosa suffered severe and disabling injuries in a violent collision when he was struck by a US Government vehicle being operated by Lee Navarro, a US Border Patrol Agent.  The collision between the Plaintiff's vehicle, a 2006 Chevy Aveo, and the vehicle being operated by the Border Patrol Agent, occurred on 01/12/2021, at approximately 9:02 a.m. while traveling westbound on Los Indios Parkway located in Mission, Hidalgo County Texas.

9.     Plaintiff, Ismael Hinojosa, while travelling west on Los Indios Parkway, entered the intersection of Los Indios and Anzalduas Highway, when a vehicle being operated by a US Border Patrol Agent, a federal employee, acting within the course and scope of employment for Defendant USA, failed to yield the right of way and struck Plaintiff on the driver's side door.

10.     As a result of the negligence of the Border Patrol Agent in failing to yield the right of way at the intersection, a violent collision between the 2011 Chevrolet Tahoe operated by the Border Patrol Agent and the 2006 Chevrolet Aveo operated by Plaintiff occurred.  Plaintiff Hinojosa suffered serious personal injuries and damages as a result of the magnitude of the impact.

## V.  COUNT 1 - <u>PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST THE US BORDER PATORL AGENT</u>

11. The U.S. Border Patrol Agent had a duty to exercise that degree of care on the occasion in question that a reasonable and prudent person would have exercised under the same or similar circumstances and wholly failed to do so, thus breaching the duty owed to Plaintiff which proximately caused the occurrence in question and the Plaintiff's resulting injuries and damages.

12. Plaintiff's injuries were proximately caused by the U.S. Border Patrol Agent's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of the duty owed to Plaintiff by the U.S. Border Patrol Agent consisted of, but is not limited to, the following acts and omissions:

   a) In that U.S. Border Patrol Agent failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   b) In that U.S. Border Patrol Agent failed to yield the right of way at an intersection;

   c) In that U.S. Border Patrol Agent was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

   d) In that U.S. Border Patrol Agent failed to apply his brakes to his motor vehicle in a timely and prudent manner;

   e) In that U.S. Border Patrol Agent failed to take proper evasive action in an attempt to avoid the collision in question; and

   f) In that U.S. Border Patrol Agent failed to exercise ordinary care to protect Plaintiff, Ismael Hinojosa.

## VI. COUNT 2 - <u>PLAINTIFF'S CLAIM OF NEGLIGENCE PER SE AGAINST DEFENDANTS USA</u>

13. The U.S. Border Patrol Agent's conduct described herein constitutes an unexcused breach of the duty imposed by the US Border Patrol's own policies relating to pursuits.

14. Plaintiff is a member of the class that the US Border Patrol's policies were designed to protect. Further, the conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Section 545.151 and 545.153[1]. Plaintiff is a member of the class that Texas Transportation Code Section 545.151 and 545. 153 was designed to protect.

15. The U.S. Border Patrol Agent, in his official capacity as an employee of the USA, conducted an unexcused breach of the duty imposed by the said policies and the traffic laws of the State of Texas proximately caused the Plaintiff's injuries described herein.

## VII. COUNT 3 - <u>PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST THE UNITED STATES OF AMERICA</u>

16. At the time of the occurrence of the act in question and immediately prior thereto, the U.S. Border Patrol Agent was acting within the course and scope of employment and discharging his official duties as an agent for Defendant, USA.

17. At the time of the occurrence of the act in question and immediately prior thereto, the U.S. Border Patrol Agent, was engaged in the furtherance of his official duties for Defendant, USA.

---

[1] FAILED TO YIELD RIGHT OF WAY STOP SIGN - When a vehicle stops for a stop sign and then fails to yield R.O.W. to a vehicle at an intersection controlled by a stop sign and such action contributes to the crash. Legal Reference: Texas Transportation Sections 545.151 and 545. 153.

18. At the time of the occurrence of the act in question and immediately prior thereto, the U.S. Border Patrol Agent, was engaged in accomplishing a task for Defendant, USA for which the U.S. Border Patrol Agent was employed.

19. Plaintiff invokes the doctrine of ***Respondeat Superior*** against Defendant, USA.

## VIII.   DAMAGES FOR PLAINTIFF, ISMAEL HINOJOSA

20. As a direct and proximate cause of the occurrence made the basis of this lawsuit, Plaintiff, ISMAEL HINOJOSA was caused to and did suffer personal injuries and damages as follows:

21. As a proximate cause of Defendant' negligence which caused the occurrence made the basis of this suit Plaintiff Hinojosa was caused to suffer damages and has incurred the following damages:

a) The physical pain and suffering incurred by Plaintiff, as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;
b) The mental anguish suffered by Plaintiff as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;
c) The physical impairment suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future, including the loss of enjoyment of life;
d) The physical disfigurement suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and in the future;
e) The amount of reasonable medical expenses paid and incurred in the treatment of the injuries which Plaintiff sustained up to the time of trial; in the amount of $95,733.50;
f) The amount of reasonable medical expenses paid and incurred in the treatment of the injuries which Plaintiff which in all reasonable medical probability will be incurred in the future;
g) The reasonable medical expenses and life care needs of Plaintiff necessary to treat her injuries and sustain her for the remainder of her life which in all reasonable medical probability will be incurred in the future; and
h) The loss of enjoyment of life, which will in all reasonable probability continue in the future.

i) Property damage, storage, and towing expenses towards the damaged 2006 Chevy Aveo, in the amount of $2,345.78.

## **PRAYER**

21. For these reasons, Plaintiff seeks judgment against Defendant The United States Of America, US Department of Justice; Department of Homeland Security – Bureau of Citizenship and Immigration Services, and United States Customs and Border Protection for the following damages:

A. Actual damages in the just and reasonable sum of Seven Hundred Fifty Thousand ($750,000.00) Dollars;

B. Prejudgment and post judgment interest;

C. Costs of suit; and

D. All other relief the Court deems appropriate.

Respectfully submitted,

MOORE LAW FIRM
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone: (956) 631-0745
Facsimile: (888) 266-0971
Email: lit-docket@moore-firm.com

By:   */s/ R. Nicholas Moore*
R. Nicholas Moore
State Bar No. 24098134
Federal Bar ID No. 16942
J. Michael Moore
State Bar No. 14349550
ATTORNEY FOR PLAINTIFF

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**